HOWARD FRANCIS DIDSBURY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Didsbury v. Commissioner
Docket No. 8126-87
United States Tax Court
T.C. Memo 1989-1; 1989 Tax Ct. Memo LEXIS 1; 56 T.C.M. (CCH) 984; T.C.M. (RIA) 89001; January 4, 1989
*1 Held: Amounts substantiated pursuant to section 274(d) for entertainment expenses are found. Amounts claimed for travel not substantiated. Howard Francis Didsbury, Jr., pro se. Karen A. Rose, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar *2 year 1984 in the amount of $ 3,116. The issues for decision involve the deductibility of certain travel and entertainment expenses. Petitioner has not challenged the disallowance of depreciation and is deemed to have conceded this adjustment. FINDINGS OF FACT At the time of the filing of the petition in this case, petitioner resided in Union, New Jersey. During 1984 he was employed by the State of New Jersey as a college professor. Petitioner owned an undivided one-half interest [1] in three separate rental properties located in Washington, D.C., at the following addresses: 2797 28th Street, N.W. 2799 28th Street, N.W. 2862 28th Street, N.W. The third property was divided into four separate apartments, two of which were rented. One of the apartments was used by Mr. Crider, the co-owner of the properties, as his living quarters and the other apartment was used by petitioner as an office. During 1984 petitioner made 44 round trips from Union, New Jersey, to Washington, *3 D.C., generally departing from New Jersey on Wednesday and returning there the following Sunday. However, petitioner spent almost the entire month of January, part of July, and all of August in Washington. While in Washington, petitioner stayed in Mr. Crider's apartment. Petitioner and Mr. Crider arranged between themselves that Mr. Crider would do the bookkeeping with respect to the rental properties while petitioner would handle or supervise repairs and maintenance which he did during 1984. A percentage of petitioner's annual automobile expenses during 1984 was allocated to traveling between New Jersey and Washington and claimed as a tax deduction in connection with these rental properties. Respondent disallowed this deduction. Petitioner was also actively involved with World Future Society (the Society), an organization located in Washington, D.C. At this time and probably both before and after 1984 the Society periodically held conferences, persuaded individuals to speak at the conferences without remuneration, and published papers based on the conferences. Petitioner was on the Society's planning committee, edited or assisted in editing the conference volumes, and had some *4 responsibility for obtaining speakers. He was involved in the Society's 1984 General Assembly titled "World View '84." In order to perform his work for the Society, petitioner was required to be in Washington frequently, and whenever he visited Washington he spent at least one day with Society personnel and on Society business. Petitioner used his apartment in 2862 28th Street, N.W., for Society work and perhaps for college work, but neither the apartment nor the Society's offices were satisfactory meeting places. Respondent has not challenged the business necessity for the apartment. Petitioner found that in order to get the attention of a possible speaker it was necessary to take the individual to a restaurant usually for lunch in order to discuss Society business. While most of this entertaining took place in Washington, there were several occasions during 1984 when petitioner traveled to New York City for a restaurant conference which he paid for. Because respondent did not raise this point, we assume that none of these expenses was reimbursed by the Society. A portion of petitioner's annual travel costs between New Jersey and Washington was allocated to what petitioner *5 described on Schedule C attached to his tax return as "Lecturing-Writing" which produced "Services and Publications." The parties have treated the Schedule C activities as pertaining to work for the Society. Respondent disallowed one-half of this deduction. On Schedule C attached to his 1984 tax return petitioner claimed a deduction for car and truck expenses in the amount of $ 3,779.65 (line 9) and a deduction for travel and entertainment in the amount of $ 1,565.34 (line 26). On Schedule E (line 5) in connection with the rental properties, petitioner claimed an aggregate deduction of $ 7,560.43 for auto and travel. Petitioner also deducted depreciation expenses on both schedules. On an amended income tax return petitioner claimed an additional loss of $ 2,081 from the lecturing and writing activity. [2] On the amended return petitioner's one-half of the rental expense was $ 143 less than the amount claimed on the original return. Neither party has requested that we focus our attention on the amended return. During a number *6 of the time intervals during which petitioner was physically present in Washington, he entertained one or more individuals on business of the Society at Washington restaurants. Petitioner's presence in Washington for Society business was reasonable and necessary. It was also reasonable and necessary for petitioner to be in Washington from time to time in order to supervise or complete himself repair and maintenance with respect to the rentals properties. However, petitioner's trips to Washington were also made for personal reasons. OPINION The parties stipulated that respondent allowed petitioner a deduction in the amount of $ 19,283 for depreciation and various expenses connected with his rental properties but disallowed all auto and travel expense allocated to the rental property in the amount of $ 3,780.22. The parties further stipulated that respondent allowed petitioner a deduction of $ 6,350 for expense in connection with his lecturing and writing business other than car and truck and travel and entertainment deductions. One-half of the amounts claimed in these latter categories was allowed, $ 1,890 for car and truck and $ 784 for travel and entertainment. The parties *7 also stipulated to "Disputed Adjustment Schedules," which purport to set forth with respect to the rental apartments and the lecturing and writing activity the amounts originally disallowed, the amounts conceded by respondent, and the amounts in dispute. In respondent's trial memoranda, there are also references to amounts allowed and disallowed. Unfortunately, we have been unable to reconcile all of the various figures and relate them to testimony and to petitioner's Exhibits 4 and 5. Respondent has ignored the adjustments shown on the amended return except to disallow the additional loss in gross. For the trial petitioner prepared two schedules which were received in evidence as Exhibits 4 and 5. Exhibit 4 is a list of 38 separate meal expenses by item incurred by petitioner during the year 1984, based on contemporary diary entries and on restaurant and credit card receipts, all of which were available during the trial and had been previously disclosed to respondent's counsel, but none of which were introduced into evidence. Exhibit 5, which was prepared from notations made by petitioner contemporaneously on receipts or invoices for repair and maintenance services and parts *8 for the rental properties reflects the periods of time during 1984 when petitioner was physically present in Washington, D.C. During each of these periods the exhibit describes some of the maintenance and repair activities carried out or supervised by petitioner. Both exhibits include information added by petitioner from his recollection. Petitioner testified that the contents of each of the exhibits were true and correct and the exhibits were received as constituting petitioner's testimony. Following the trial and with the encouragement of the Court, the parties reviewed the receipts and diary entries on which Exhibit 4 was based and filed a second stipulation further amplifying that exhibit. The record includes the stipulated facts, some general testimony as to the Society and petitioner's responsibilities for it, Exhibits 4 and 5, and related testimony. The parties have stipulated that petitioner made 44 round trips to Washington, D.C., during the year 1984. Exhibit 5 provides some information as to 35 round trips, including each period of petitioner's stay in Washington and some repair or maintenance activity carried out in the period. The record contains almost no information *9 as to the specific dates of these 35 trips unless we simply assume that on the first day of each period petitioner traveled to Washington and on the last day returned to New Jersey. There is no specific information as to the method of travel although the parties have treated the automobile expense as related to this travel. We assume from the testimony and briefs that in fact petitioner used his personal automobile in traveling between New Jersey and Washington. There is no information as to mileage in interstate travel or in Washington. How petitioner traveled to New York City for the occasions of the entertainment reflected on Exhibit 4 we do not know. For travel and entertainment expense to be deductible, it must first meet the requirements of sections 162 [3] or 212 before testing it under section 274. Section 1.162-2(b), Income Tax Regs., provides (1) If a taxpayer travels to a destination and while at such destination engages in both business and personal activities, traveling expenses to and from such destination are deductible only if the trip is related primarily to the taxpayer's trade or business. If the trip is primarily personal in nature, the traveling expenses *10 to and from the destination are not deductible even though the taxpayer engages in business activities while at such destination. However, expenses while at the destination which are properly allocable to the taxpayer's trade or business are deductible even though the traveling expenses to and from the destination are not deductible. (2) Whether a trip is related primarily to the taxpayer's trade or business or is primarily personal in nature depends on the facts and circumstances in each case. * * * Substantially the same rule prevails under section 212 where travel is both in connection with income-producing property and for personal reasons. McCarty v. Commissioner,T.C. Memo. 1987-254. With respect to the rental property, the only issue before the Court is the deduction of a portion of petitioner's 1984 travel expense between New Jersey and Washington which was allocated to this activity by petitioner. A further portion of the travel expense was allocated *11 to the Society activities. Although petitioner may have performed or supervised the performance of some repair or maintenance work to one or more of the rental properties on each occasion in which he was in Washington, it does not necessarily follow from that fact that a percentage of the cost for travel is a proper charge against the rental income. Supervision of the repair and maintenance work was clearly an appropriate business activity for petitioner. It is also established that petitioner was also required to be in Washington frequently to carry out his responsibilities for the Society. However petitioner also had personal reasons for his presence in Washington. Thus, to be deductible, the travel must be related primarily to petitioner's business activities. Petitioner has not demonstrated that he could not have consolidated many of the items of repair and maintenance which he personally performed or supervised into a relatively few trips. The same is also true as to the Society activities. The fact that petitioner on every occasion on which he was in Washington spent time at the Society's office or that on many occasions he entertained on Society's business does not prove *12 that Society business required petitioner's presence in Washington on every such occasion. Even if we assume that each time period on Exhibit 4 reflects a separate trip to Washington, there is insufficient evidence in this record for us to determine as to any trip whether the trip was related primarily to one or the other or both of these business activities. The indicated periods of each visit are excessive to conduct the business activities undertaken during the visits. Petitioner has failed to show as to any of his 1984 travel expense that the Society business or the income-producing property, or both, were the primary purposes of the travel. Sec. 1.162-2(b)(1), Income Tax Regs. Moreover, under section 274, each element of an expenditure must be substantiated, which includes the specific date. Sec. 1.274-5(b)(2)(ii), Income Tax Regs. Each trip would constitute a separate expenditure to be separately substantiated. Sec. 1.274-5(c)(6)(i)(a), Income Tax Regs. Thus, none of petitioner's travel costs have been sufficiently substantiated. We hold for respondent on the disallowed automobile expenses. The 38 specific expenditures for meals shown on Exhibit 4 are not totaled on the *13 exhibit but aggregate the sum of $ 1,576.22. Since petitioner claimed both on the original and amended returns the sum of $ 1,565.34 in line 26 of the Schedules C pertaining to "Lecturing and Writing" under the heading "travel and entertainment," we will assume for purposes of this case that Exhibit 4 and this line 26 deduction both relate exclusively to meals paid for by petitioner on Society business. Petitioner's maximum deduction is limited to the amount claimed on line 26 and we, therefore, conclude that Exhibit 4, the related testimony, and the supplemental stipulation all are offered by petitioner to substantiate the disallowed one-half of this deduction. We cannot, however, determine from this record the relationship between the specific items of entertainment described on Exhibit 4 and (i) the travel and entertainment deduction claimed by petitioner in connection with his lecturing and writing activities, including activities for the Society, on the return or the amended return, or (ii) the amounts allowed by respondent during the audit or conceded by respondent prior to trial, or (iii) the amounts stipulated by the parties to be in dispute. The receipts and diary notations *14 upon which Exhibit 4 is based verify the dates of the expenditures, the names of the restaurants, and the amounts of the expenditures for each of the 38 entertainment items noted on the exhibit. Four of the receipts fail to include names, initials, or any other information identifying the person entertained or petitioner's business relationship to that person or the business purpose of the entertainment. By contrast as to each of the remaining 34 items, petitioner contemporaneously wrote on the receipt or in his diary either the name or the initials of the person entertained. However, with four exceptions, neither the receipts nor the diary contain any information setting forth petitioner's relationship to the person entertained or the business purpose of the entertainment. Petitioner's diary does contain in an abbreviated form information concerning petitioner's relationship to the person and/or the business purpose of the entertainment for four items. To the extent that the receipts and the diary do not reflect the business relationship and the business purpose for these entertainment items, Exhibit 4 and petitioner's testimony adequately supply the information. We must note, *15 however, that the last item in Exhibit 4 is as follows: "Miscellaneous (Transportation: Taxis, Metro, etc.) $ 49.50." There is no explanation of this item anywhere in the record. With respect to the entertainment expenses, respondent does not contend that they were not incurred. Rather respondent argues that under his regulations each element, the amount, time, place, business purpose, and business relationship of the expenditure must be documented by contemporaneously prepared written records. Respondent's authority for this position is section 1.274-5(c)(2) and (3), Income Tax Regs.
Substantiation of entertainment expenditures under section 274 may be made in two fashions. Section 1.274-5(c)(2), Income Tax Regs., establishes the requirements for substantiation "by adequate records." Respondent correctly argues that the adequate records method of substantiation does require that each element be contemporaneously documented in writing. With the possible exception of four items, the entertaining on February 21, April 20, June 25, and September 21, neither the receipts nor the diary contain any indication as to business purpose and relationship. However, section 1.274-5(c)(3), *16 Income Tax Regs., permits substantiation "by other sufficient evidence." Under this regulation, a taxpayer may establish each of the required elements "(i) by his own statement, whether written or oral, containing specific information in detail as to such elements; and (ii) by other corroborative evidence sufficient to establish such element." Respondent argues that this portion of the regulations requires that each element be substantiated by corroborative evidence as well as by testimony. Respondent thus appears to argue that the corroborative evidence, whether testimony, documentary, or circumstantial, must rise about to the level of the adequate records test. The evidence in this case which supports the entertainment expenses consists in part of Exhibit 4 which is based upon receipts and diary entries as supplemented by petitioner's own recollection as to the purpose of each of the occasions for entertainment. The underlying receipts and diary entries are fully summarized in the supplemental stipulation. Petitioner's testimony as to Exhibit 4 was generalized but included his unequivocal testimony that Exhibit 4 is true and correct. Respondent's counsel on brief concedes that *17 it would have served no useful purpose for petitioner to have read the exhibit into the record. An example from Exhibit 4 typifies this evidence. Petitioner has receipts showing that on May 13, 1984, he incurred an expenditure in the amount of $ 28.75 at Fedora's restaurant. Petitioner's Exhibit 4 supplements this contemporaneous record by explaining that the individual entertained was Professor Charles H. Little and during the meal Society conference papers were discussed. Petitioner on brief has further explained that Fedora's is an inexpensive restaurant in New York City near the apartments of Professors Little and Lipscomb, both of whom were then involved in Society matters. This further explanation would have been helpful had it been in the record, but statements in a brief are not evidence. However, the person entertained on this date and the purpose of the entertainment are adequately explained by the combination of the supplemental stipulation, testimony, and Exhibit 4. Thus, unless respondent is correct in contending that there has to be a contemporaneous record establishing the business purpose and business connection of the person entertained, section 274(d) is *18 satisfied. Respondent argues that in the instant case, petitioner called no witnesses to verify his statements as to the business relationship and purpose of the entertainment; the documentary evidence that he submitted, in Exhibit 4, was not a contemporaneous record as to these elements; and petitioner has presented no circumstantial evidence to support his type-written statement that alleges a business relationship and a business purpose. Section 274 was added to the Internal Revenue Code by the Revenue Act of 1962, Pub. L. 87-834, 76 Stat. 960. The provisions for substantiation were included in the House Bill. The report of the Committee on Finance to the Senate states with regard to substantiation that: The requirements of the House Bill regarding substantiation of claimed deductions for entertainment, amusement, or recreation expenses, gifts, and traveling expenses, have been approved without change. [S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 707, 732.] The technical explanation accompanying the Finance Committee's report describes the substantiation requirements of section 274(d) in the following language: Generally, a clear, contemporaneously *19 kept diary, account book, or similar record containing the information specified in subsection (d) would be an adequate record within the meaning of this subsection. However, receipts, canceled checks, paid bills, stubs, or other similar records may be required in certain cases, as, for example, to substantiate the amount expended for lodging and transportation while traveling on business. Thus, the taxpayer may be required to preserve hotel bills or transportation receipts to substantiate such items by adequate records. * * * Where the taxpayer fails to maintain adequate records with respect to any of the described aspects of an expense, that aspect must be substantiated by the taxpayer's own statement corroborated by sufficient evidence. The taxpayer's own uncorroborated statement will not constitute substantiation with respect to any such aspect. The evidence required may vary with respect to each aspect of an item claimed as a deduction. Thus, circumstantial evidence, such as the nature of the business activities of the taxpayer and of the person entertained, may be sufficient to corroborate the taxpayer's statement regarding business purpose and business relationship, *20 whereas more direct evidence, such as the testimony of witnesses, would be required to substantiate amount, time, place, date, and description. [S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 878.] Respondent's regulations do not really focus on the point respondent is raising in this case. In part these regulations provide: "If such element is either the business relationship to the taxpayer of persons entertained or the business purpose of an expenditure, the corroborative evidence may be circumstantial evidence." Sec. 1.274-5(c)(3), Income Tax Regs. In the case at bar, there is a receipt from a restaurant or a carbon copy of a credit card receipt for each one of the 38 items of entertainment expense. Petitioner's testimony has more than adequately explained his association with the Society. If we view Exhibit 4 as constituting petitioner's verbal explanation under oath of each of these restaurant or credit card receipts, which we do, the 38 entries are adequately substantiated for section 274(d) purposes. For example, on July 26, 1984, an expense for $ 20.75 was incurred at Frescati's restaurant. The Exhibit 4 explanation is as follows: "Course/Evaluation/Questionnaires. *21 Ellen Dudley." The introduction to this exhibit explains that during the year petitioner presented a course entitled "An Introduction to the Study of the Future." While it would have been helpful if Ms. Dudley's status as publicity director for the Society (explained by petitioner on brief) had been included in the record, its absence is not fatal. The receipts constitute adequate corroborative evidence to support petitioner's testimony. There is more in the record than the "taxpayer's own uncorroborated statement." This record complies with the legislative mandate of the 1962 Act. We do note, however, that Exhibit 4 contains a final item of $ 49.50 for what we assume was local Washington transportation. There is no breakdown of this amount by date or place and only its presence on the exhibit connect it with petitioner's activities for the Society. Petitioner's residence in 1984 was in New Jersey. Thus this composite amount was for out-of-town travel. Each separate expenditure under the regulations is considered to be a separate element which must be substantiated. This $ 49.50 amount does not comply with the provisions for aggregation of amounts. See sec. 1.274-5(c)(6), Income *22 Tax Regs. Petitioner has therefore failed to substantiate this item of $ 49.50. The items detailed on Exhibit 4 excluding the $ 49.50 amount total $ 1,576.22. Thus we find and hold that petitioner's deduction on line 26 of Schedule C in the amount of $ 1,565.34 is adequately substantiated. The cases relied on by respondent are not to the contrary. Decision will be entered under Rule 155.
Footnotes
1. The parties have stipulated that petitioner was a "joint owner" with James J. Crider and that petitioner claimed only one-half of the 1984 loss, although he reported the total rents and expenses.↩
2. The additional loss is made up of increases in car and truck expense and in travel and entertainment and a slight reduction in gross receipts.↩
3. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩