SADROLDIN AND SHAHNAZ SOLATI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Solati
Docket No. 8679-91
United States Tax Court
T.C. Memo 1992-654; 1992 Tax Ct. Memo LEXIS 694; 64 T.C.M. (CCH) 1280; November 9, 1992, Filed *694 Decision will be entered for respondent. For Sadroldin Solati, pro se. For Respondent: Carmino J. Santaniello. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioners' Federal income tax for 1987 of $ 3,365 and additions to tax pursuant to section 6653(a)(1)(A) and (B) in the amounts of $ 168 and 50 percent of the interest due on the underpayment of $ 3,365, respectively. Concessions having been made by petitioners, the issues for decision are (1) whether petitioners are entitled to a Schedule A medical expense deduction for medical expenses paid by petitioner Sadroldin Solati for the care of his mother who is a resident and citizen of Iran, (2) whether petitioners are entitled to a Schedule *695 A deduction for amounts paid by them for a trip to the Middle East, and (3) whether petitioners are liable for additions to tax pursuant to section 6653(a)(1)(A) and (B). Some of the facts have been stipulated. The stipulations of fact and attached exhibits are incorporated herein by this reference to them. Petitioners resided in Derby, Connecticut, when they filed their petition in this case. Medical expense deduction
On Schedule A of their 1987 return, petitioners claimed miscellaneous deductions of $ 16,836.94. The components of that figure were listed on Form 2106, Employee Business Expenses, attached to the return. Petitioners claimed vehicle expenses of $ 4,422 and travel expenses of $ 14,605 for a total of $ 19,027. That amount was reduced by $ 889.47 of reimbursements that petitioner Sadroldin Solati's (petitioner) employer did not report to him on a Form W-2 or Form 1099 and $ 381.25 that was reported to him by his employer on a Form W-2. The resulting figure, $ 17,756.28, was then reduced by the 2 percent AGI limit to $ 16,836.94. Upon audit of petitioners' 1987 return, respondent allowed $ 4,246 which petitioner substantiated as vehicle expenses. Petitioner *696 did not address himself to this issue at trial and, to the extent of any amount in excess of $ 4,246 allowed by respondent, is deemed to have conceded that such excess fails to qualify as a deductible travel expense. During the audit of petitioners' return, petitioner informed respondent that the $ 14,605 claimed as travel expenses while away from home were actually medical expenses. At trial, petitioner testified that his mother, a citizen and resident of Iran during 1987, had hip replacement surgery during that year. The surgery cost $ 40,000 and petitioner contends that he sent to his brother in Iran $ 14,360 to help pay for his mother's surgery. Petitioner seeks to claim that amount as a medical expense deduction. Section 213(a), as applicable, provides that there shall be allowed as a deduction the expenses paid during the taxable year for medical care of a dependent (as defined in section 152) of the taxpayer. Section 152(b)(3), as applicable, provides that the term "dependent" does not include any individual who is not a citizen or national of the United States unless such individual is a resident of the United States or of a country contiguous to the United States. *697 Because in 1987 petitioner's mother was not a citizen or national of the United States, was not a resident of the United States, and was not a resident of a country contiguous to the United States, petitioner is prohibited from claiming any deduction on his Federal income tax return for amounts allegedly paid for her medical care in 1987. Respondent is sustained on this issue. Middle East travel expense deduction
During the audit of petitioners' 1987 return and at trial, petitioner argued that he and his wife are entitled to deduct amounts spent by them on an 8-week trip which they and their daughter took to the Middle East in 1987. Petitioner contends that he and his wife sought new employment on the trip. Petitioners have the burden of establishing that they are entitled to any deduction claimed on their return. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). On June 26, 1987, petitioners and their daughter flew from Kennedy International Airport, New York, to Frankfurt, Germany, where they visited petitioner's brother. On June 30, 1987, petitioners and their daughter flew from Munich, Germany, to Ankara, Turkey. Petitioner testified *698 that he and his wife were interviewed in Ankara for employment on July 7, 1987, by a firm called "Celikler." He allegedly sought employment as an engineer and construction estimator and Mrs. Solati allegedly sought employment as a day care center operator. Petitioners were unable to submit any documentation showing amounts expended by them in Turkey. When petitioners traveled to Turkey, petitioner's brother-in-law lived there and was employed as an engineer. After having spent about 1 week in Turkey, petitioner's brother-in-law and petitioner drove to Iran where petitioner visited with his mother for about 2 months. It is unclear from this record whether Mrs. Solati and petitioners' daughter traveled to Iran with petitioner or whether they remained in Turkey. The parties have stipulated into evidence three roundtrip airline tickets from New York to Frankfurt, each in the amount of $ 829 which were used by petitioners and their daughter for their 1987 trip to Europe. Petitioner testified that the air fare from Frankfurt to Ankara, Turkey, was $ 563 for each of the travelers, but he had no documentation to substantiate his oral testimony. Petitioner also testified that petitioners *699 and their daughter stayed at a hotel while they were in Ankara, but no expenses were documented. In 1987 and for some time prior thereto, petitioner was a highway engineer with the State of Connecticut. Petitioner was in the trade or business of being an engineer-employee. At trial, petitioner testified that in 1987, his wife, petitioner Shahnaz Solati, was a day care center director. Mrs. Solati did not appear at trial. We would note, however, that Mrs. Solati's 1987 W-2s show that she earned $ 13,827.21 as an employee of Training, Education and Manpower, Inc. and $ 2,339.13 as an employee of Youth Continuum of Tri-Rye, Inc. in 1987. On petitioners' 1987 return, Mrs. Solati listed herself as a teacher. From this record we are unable to determine what Mrs. Solati's trade or business was other than that of an employee. Petitioner contends that he and Mrs. Solati were interviewed on July 7, 1987, in Ankara, Turkey, for employment--he for the position of engineer and construction estimator and she for the position of day care center operator. Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on *700 his trade or business. Amounts paid for seeking new employment in one's trade or business may be deductible under section 162(a) as an ordinary and necessary business expense. Cremona v. Commissioner, 58 T.C. 219 (1972); Primuth v. Commissioner, 54 T.C. 374 (1970). The amounts claimed by petitioners consist of travel expenses. For a travel expense to be deductible, it must first meet the requirements of section 162 or 212 before examining the expense under the provisions of section 274. Didsbury v. Commissioner, T.C. Memo. 1989-1. Section 1.162-2(b), Income Tax Regs., provides: (1) If a taxpayer travels to a destination and while at such destination engages in both business and personal activities, traveling expenses to and from such destination are deductible only if the trip is related primarily to the taxpayer's trade or business. If the trip is primarily personal in nature, the traveling expenses to and from the destination are not deductible even though the taxpayer engages in business activities while at such destination. However, expenses while at the destination which are *701 properly allocable to the taxpayer's trade or business are deductible even though the traveling expenses to and from the destination are not deductible. (2) Whether a trip is related primarily to the taxpayer's trade or business or is primarily personal in nature depends on the facts and circumstances in each case. * * * We would also note that any expenses paid by petitioners to have their daughter accompany them to the Middle East in 1987 are nondeductible personal expenses under section 262. This record clearly shows that the primary purpose of petitioners' trip to the Middle East in 1987 was personal, i.e., to visit family and friends. Even if petitioners were interviewed for employment in Ankara on July 7, 1987 (an allegation which we do not accept) any business purpose associated with their approximately 2 months of travel was inconsequential. Petitioners are not entitled to any deductions for any reason pertaining to their trip to the Middle East, and we so hold. Negligence
Respondent determined that petitioners are liable for additions to tax pursuant to section 6653(a)(1)(A) and (B) for 1987. Negligence under section 6653 means lack of due care or failure to *702 do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioners have the burden of proving that respondent's determination of the additions to tax is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846 (1982). Petitioners have clearly failed to carry their burden on this issue. Respondent's determination is sustained. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩